**EXHIBIT D**

| | |
|---|---|
| PROFESSIONAL, INC., d.b.a.<br>PROFESSIONALS AUTO BODY,<br>ASSIGNEE/POA, BRIAN STACEY<br>Plaintiff | IN THE COURT OF COMMON PLEAS OF<br>BLAIR COUNTY, PENNSYLVANIA |
| Vs. | CIVIL ACTION - LAW |
| HORACE MANN<br>Defendant | NO. 2017 GN 3509<br><br>JURY TRIAL DEMANDED<br><br>COMPLAINT<br><br>Filed on behalf of Plaintiff<br><br>Counsel of Record for Plaintiff:<br><br>James R. Huff, II, Esquire<br>Pa. I.D. No. 33270<br><br>Forr Stokan Huff, Kormanski & Naugle<br>1701 Fifth Avenue<br>Altoona, PA  16602<br>(814) 946-4316 |

| | |
|---|---|
| PROFESSIONAL, INC., d.b.a.<br>PROFESSIONALS AUTO BODY,<br>ASSIGNEE/POA, BRIAN STACEY<br>Plaintiff | : IN THE COURT OF COMMON PLEAS OF<br>: BLAIR COUNTY, PENNSYLVANIA<br>:<br>: |
| Vs. | : CIVIL ACTION - LAW<br>: |
| HORACE MANN | : NO. 2017 GN 3509<br>: |
| Defendant | :<br>: JURY TRIAL DEMANDED |

## NOTICE

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within **TWENTY (20) DAYS** after this **COMPLAINT** and **NOTICE** are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the **COMPLAINT** or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.**

**IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

MIDPENN LEGAL SERVICES, INC.
205 Lakemont Park Boulevard, Lakemont
Altoona, PA 16602
1-800-326-9177

James R. Huff, II, Esquire
Forr, Stokan, Huff, Kormanski & Naugle
Attorneys at Law
1701 Fifth Avenue
Altoona, Pa. 16602
(814) 946-4316
State I.D. #33270

| | |
|---|---|
| PROFESSIONAL, INC., d.b.a. PROFESSIONALS AUTO BODY, ASSIGNEE/POA, BRIAN STACEY<br>Plaintiff<br><br>Vs.<br><br>HORACE MANN<br><br>Defendant | : IN THE COURT OF COMMON PLEAS OF<br>: BLAIR COUNTY, PENNSYLVANIA<br>:<br>:<br>: CIVIL ACTION - LAW<br>:<br>:<br>:<br>: NO. 2017 GN 3509<br>:<br>:<br>: JURY TRIAL DEMANDED |

## CIVIL COMPLAINT

**TO THE HONORABLE, THE JUDGES OF SAID COURT:**

Now, to wit, comes the Plaintiff, **PROFESSIONALS, INC., d.b.a. PROFESSIONALS AUTO BODY as ASSIGNEE/POA for BRIAN STACEY**, who by and through its attorneys, Forr, Stokan, Huff, Kormanski & Naugle, Esquire file this its **CIVIL COMPLAINT** and respectfully represent as follows:

1. Professional, Inc., is a Pennsylvania corporation d.b.a. Professionals Auto Body, with an office address of 1109 Plank Road, Duncansville, PA 16635.

2. Brian Stacey, is an adult individual with a last known residence address of 107 Aldrich Avenue, Altoona, PA 16602.

3. Defendant, Horace Mann, is an automobile insurer authorized and licensed to do business in the Commonwealth of Pennsylvania with an address of 3701 Regent Boulevard, Suite 300, Irving, TX 75063-1790.

## COUNT I.
## BREACH OF CONTRACT

4. At all relevant times hereto, Brian Stacey was the owner of a 2014 Toyota Prius which was damaged on or about March 27, 2017.

5. At all relevant times hereto, Mr. Stacey's vehicle was insured by Defendant, Horace Mann, which was responsible for covering the cost of repairs to Mr. Stacey's 2014 Toyota Prius.

6. Mr. Stacey had a contract for insurance with Defendant, Horace Mann, which included, among other obligations, that Defendant would pay for all reasonable and necessary damages suffered by Mr. Stacey as the result of an accident.

7. Defendant, Horace Mann, has a copy of said contract obligating it to Mr. Stacey.

8. Following an accident on or about March 27, 2017, Mr. Stacey selected Plaintiff's repair facility to perform any and all necessary and reasonable repairs for his vehicle to return the same to as close to its pre-loss condition as possible and to the standards Mr. Stacey expected.

9. Defendant, by and through its insurance policy contract with Mr. Stacey, had an obligation to pay for such repairs.

10. On or about April 24, 2017, Mr. Stacey executed an Authorization, thereby authorizing Plaintiff to negotiate with Defendant for the completion and payment of repairs. A true and correct copy of said Authorization is attached hereto, made a part hereof, marked Exhibit "A" and is hereby and hereinafter incorporated by reference.

11. On or about May 16, 2017, Mr. Stacey executed an Assignment of Proceeds authorizing Plaintiff to pursue any action against Defendant that Mr. Stacey would be entitled to pursue, namely, the right to bring suit for unpaid repair costs. A true and correct copy of said Authorization is attached hereto, made a part hereof, marked Exhibit "B" and is hereby and hereinafter incorporated by reference.

12. The reasonable and necessary costs of repairs to Mr. Stacey's vehicle amounted to Nine Thousand Eighty-eight and 53/100 ($9,088.53) Dollars, however, Defendant only paid a portion of said amount.

13. Defendant acknowledged its contractual duty to Mr. Stacey and, as an Assignee of Mr. Stacey, to Plaintiff by paying some, but not all of the costs associated with the repair of Mr. Stacey's vehicle.

14. Defendant breached its contract with Mr. Stacey, and as Assignee of Mr. Stacey, the Plaintiff, by Defendant's actions in failing and/or refusing to pay the reasonable and necessary costs of repairs.

15. As of the date of the filing of the instant complaint, there continues to remain an outstanding balance due and owing to Plaintiff of Two Thousand Two Hundred Eleven and 98/100 ($2,211.98) Dollars for the reasonable and necessary costs of repairs to Mr. Stacey's vehicle. The Unpaid Damage report reflecting said balance is attached hereto, made a part hereof, marked Exhibit "C" and is hereby and hereinafter incorporated by reference.

16. In each and every instance Plaintiff notified Defendant of the additional reasonable and necessary costs of repairs.

17. Despite these requests, Defendant has failed and/or refused to pay Plaintiff the full, reasonable and necessary costs for repairs to Mr. Stacey's vehicle.

18. As a result of the actions of the Defendant, Plaintiff was and continues to be damaged.

19. Despite repeated demand, Defendant has failed to pay the necessary and appropriate charges for services, labor and material provided to repair Mr. Stacey's vehicle resulting from an accident, thus breaching its contract with Mr. Stacey.

20. Through the Authorization and Assignment of Proceeds attached as Exhibits "A" and "B", respectively, Plaintiff is authorized to pursue this breach of contract action on behalf of Mr. Stacey.

21. As a direct and proximate result of Defendant's breach, Plaintiff has been damaged in the amount of Two Thousand Two Hundred Eleven and 98/100 ($2,211.98) Dollars.

**WHEREFORE**, Plaintiff, Professional, Inc., d.b.a. Professionals Auto Body, Assignee/POA of Brian Stacey, respectfully requests this Honorable Court to enter a judgment against Defendant, Horace Mann, in the amount of Two Thousand Two Hundred Eleven and 98/100 ($2,211.98) Dollars plus interest for the detention of said funds and costs of suit, and any other relief this Honorable Court deems appropriate and just.

## COUNT II.
## QUANTUM MERUIT/UNJUST ENRICHMENT

22. Plaintiff hereby incorporates by reference all of the foregoing paragraphs the same as if set forth herein at length.

23. Plaintiff made the reasonable and necessary repairs to Mr. Stacey's vehicle to bring the vehicle to as close to its pre-loss condition as possible and in compliance with the standards requested by Mr. Stacey despite not being fully compensated by Defendant.

24. In doing so, Plaintiff conferred a benefit on Defendant in that Defendant's customer, Mr. Stacey, was satisfied with repairs, did not take action against Defendant for insufficient repairs, and remained a customer of Defendant.

25. Defendant has received a benefit of having the repairs it was required to pay for completed without having fully compensated Plaintiff for said repairs.

26. While Plaintiff has provided full and complete information with regard to each necessary repair and transaction, Defendant has repeatedly failed and/or refused to provide full payment for all of the services and materials rendered to Mr. Stacey by Plaintiff.

27. Defendant's refusal to fully reimburse Plaintiff for the repairs provided has unjustly enriched Defendant by the sum of the difference between what is due to Plaintiff and what Defendant independently determined and unilaterally determined it would pay.

28. Defendant is aware that a significant benefit has been received by Defendant from its refusal to pay the full amount for repair of Mr. Stacey's vehicle, and the bottom line of Defendant has been increased by said refusal to pay the full sum due and owing for the proper repairs that were completed for the vehicle.

29. Defendant continues to retain all benefits despite objection of the Plaintiff.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to enter an Order requiring Defendant to make Plaintiff whole for all labor and materials expended that have benefited Defendant, in the amount of Two Thousand Two Hundred Eleven and 98/100 ($2,211.98) Dollars plus interest for the detention of said funds and all costs of suit, and by any other relief this Honorable Court deems appropriate and just.

### COUNT III.
### BAD FAITH

30. Plaintiff hereby incorporates by reference all of the foregoing paragraphs, the same as if set forth herein at length.

31. As a result of Defendant's unjustified and outrageous refusal to pay the sums due and owing, Plaintiff has had to expend additional sums of money for attorneys to pursue full and proper payment for those sums expended to repair Mr. Stacey's vehicle.

32. The Assignment of Proceeds attached as an Exhibit to this Complaint states in part "In consideration of Professional Auto Body's agreement to make all repairs to Customer's damaged vehicle, Customer desires to and does hereby assign to Professionals Auto Body any and all right, claim or other interest in any proceeds necessary to pay for repairs to Customer's vehicle as stated in the attached contract for repairs."

33. Further, the Assignment of Proceeds states "This agreement does not in any way diminish the right of Professionals Auto Body to pursue payment for the repairs it has made to Customer's (Assignor's) vehicle as stated in the contract for repairs."

34. The entitlement to pursue damages for bad faith is assignable in Pennsylvania.

35. By virtue of the Assignment of Proceeds and applicable law, Plaintiff has standing to pursue an action for bad faith against Defendant.

36. Defendant had a requirement under the Pennsylvania Motor Vehicle Physical Damage Appraiser Act and/or regulations relating to the same to have its appraisers:

   1) Conduct themselves in such a manner as to inspire public confidence by fair and honorable dealings;

   2) Approach the appraisal of damaged property without prejudice, against or favoritism, toward any party involved in order to make fair and impartial appraisals;

   3) Disregard any efforts on the part of others to influence their judgment in the interest in the parties involved;

   4) Prepare independent appraisals of the damage.

37. Moreover, the Pennsylvania Motor Vehicle Physical Damage Appraiser Act prohibits an appraiser or his employer from requiring that repairs be made in any specified repair shop.

38. Defendant by and through its appraisers and/or adjusters, violated the requirements of the Pennsylvania Motor Vehicle Physical Damage Appraiser Act by failing to make reasonable estimates of the damages due to Mr. Stacey's vehicle.

39. Defendant, by and through its appraisers and/or adjusters, further violated the requirements of the Pennsylvania Motor Vehicle Physical Damage Appraiser Act by attempting to influence Plaintiff to utilize parts and/or services which were inferior to the standards Plaintiff is known for and as requested by Mr. Stacey.

40. Additionally, Defendant had a contractual duty through the insurance policy it has with Mr. Stacey to pay all reasonable and necessary costs to bring his vehicle back to its pre-loss condition.

41. Defendant has failed and/or refused to pay the full and reasonable necessary costs for the repair of Mr. Stacey's vehicle.

42. Defendant did not have a reasonable basis for failure to make full payments as the costs set forth by Plaintiff are reasonable and necessary to return Mr. Stacey's vehicle to as close to its pre-loss condition as possible and according to the standards Mr. Stacey requested.

43. Defendant knew or recklessly disregarded its lack of reasonable basis in refusing to pay in full the reasonable and necessary costs to return the vehicle to as close to its pre-loss condition as possible and according to the standards Mr. Stacey requested.

44. Defendant, by and through its appraisers and/or adjusters, failed to act with diligence in assessing the damages to Mr. Stacey's vehicle.

45. Defendant, by and through its appraisers and/or adjusters, made unreasonable denials and failed to properly handle Mr. Stacey's claim.

46. Defendant is therefore liable for those bad faith remedies available to Plaintiff by virtue of 42 Pa. C.S.A. § 8371, including but not limited to attorneys' fees and punitive damages.

47. It is believed and therefore averred that Defendant's mishandling of the claim and failure to otherwise fully, timely and properly investigate and pay the claim involved violates the Unfair Insurance Practices Act (40 P.S. § 1171.1 et seq.) and/or the Unfair Claims Settlement Practices Regulations (31 Pa. Code §146.1 et seq.) and therefore constitutes "bad faith" pursuant to 42 Pa. C.S.A. § 8371, which statute does authorize and award for attorneys' fees, costs and punitive damages.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to enter an Order finding that Defendant has acted in bad faith with regard to each of the transactions identified between itself and Brian Stacey and Order payment of all attorneys' fees and punitive damages and any other such relief that this Honorable Court may deem appropriate and just.

And it shall ever pray.

Respectfully Submitted,

Forr, Stokan, Huff, Kormanski & Naugle

_1/10_, 2018     By: _____
James R. Huff, II, Esquire
Attorneys for Plaintiff
1701 Fifth Avenue
Altoona, PA 16602
(814) 946-4316
State I.D. #33270

COMMONWEALTH OF PENNSYLVANIA :
:  ss.
COUNTY OF BLAIR :

Personally appeared before me, the undersigned authority, a Notary Public, **Ronald J. Perretta, President of Professionals Auto Body,** who, being duly sworn according to law, doth depose and say that the facts and statements set forth in the **Civil Complaint** are true and correct to the best of his knowledge, information and belief.

_____ (SEAL)
Ronald J. Perretta, President
Professionals Auto Body

Sworn and subscribed to before me
this __10th__ Day of __January__ A.D., 2018.

_____
Notary Public

Commonwealth of Pennsylvania - Notary Seal
TAMERA J. BUTLER, Notary Public
Blair County
My Commission Expires February 26, 2020
Commission Number 1021291



# Authorization To Help Handle Your Claim And Repairs.

One reason we require an authorization is due to the "privacy act" which requires your permission to make calls on your behalf. Our goal is to also make sure you receive the highest quality and service at a fair price. Please read the following very carefully and feel free to ask any questions. Thank you for letting Professionals Auto Body repair your vehicle.

Professionals Auto body will take the time to complete the paper work and phone calls regarding your claim. We sometimes need a little help from you, but we will let you know if it is necessary. We need you to provide us with as much information as you can, so we can expedite your claim and get started with your repairs.

If for any reason you do not have us do your repairs, after we have taken the time to handle your claim, you will be responsible for a $125.00 fee. If parts are ordered, you will be responsible for a 35% return and restocking fee.

If for any reason you may not have us do the repair, Do Not Sign This Agreement. Feel free to seek other repair shops for your estimates and/or repairs. I want to emphasize that we do what to do your repairs!

Finally, this authorization form allows us to concentrate on customers that are serious about Professionals Auto Body doing their repairs. We seek to give them the time and service that we are known for in this area.

I understand and agree to the above, intending to be legally hereby, this __24__ day of __April__.

Customer X _/s/_____ Date X __4/24/17__

Exhibit "A"

## ASSIGNMENT OF PROCEEDS

_Onan Stacy_, hereinafter "Customer," has suffered damages to his/her vehicle following an accident. The repairs required following Customer's accident and for which Customer utilized the services of Professionals Auto Body do constitute a compensable loss under an insurance policy. Those repairs are to be paid for by _Hosemann_, hereinafter "Insurer," according to the terms of the underlying policy.

Customer has a right to payment of all costs that were necessary for repair of his/her vehicle, and Insurer is obligated by the applicable insurance policy to pay for such repair costs. The repair costs that Insurer is obligated to pay do constitute "proceeds" of the policy.

In consideration of Professionals Auto Body's agreement to make all repairs to Customer's damaged vehicle, Customer desires to and does hereby assign to Professionals Auto Body any and all right, claim or other interest in any proceeds necessary to pay for repairs to Customer's vehicle as stated in the attached contract for repairs. As such, Professionals Auto Body is entitled to pursue payment of all proceeds of the insurance policy from Insurer in the amount of $ _2211.98_ as stated in the attached contract for repairs.

If any portion of the above agreement should be found unenforceable by a court of law, the remainder of the agreement shall remain operative, valid and enforceable.

If any portion of the above agreement should be found to be invalid, Customer (Assignor) shall still be held liable to Professionals Auto Body (Assignee) for the total amount of repairs as

Exhibit "B"

set forth in the contract for repairs. This agreement does not in any way diminish the right of Professionals Auto Body to pursue payment for the repairs it has made to Customer's (Assignor's) vehicle as stated in the contract for repairs.

This agreement is the entire agreement relative to the assignment of Customer's rights to pursue payment from Insurer for those repairs of Customer's vehicle set forth in the attached contract for repairs. Any other agreement that may be made relative to Customer's rights to pursue payment from Insurer for repairs of Customer's vehicle as set forth in the attached contract for repairs shall be held invalid and superseded by this assignment of Customer's rights.

For the mutual exchange of promises and intending to be legally bound hereby, witness my hand and seal this __16__ day of __May__, 20__17__ A.D.

CUSTOMER(X) _____


PROFESSIONALS AUTO BODY: _____
DATE: __5-16-17__

# UNPAID BALANCE

Exhibit "C"

*Unpaid Bal* (handwritten)

# PROFESSIONALS AUTO BODY

419 E PLEASANT VALLEY BLVD, ALTOONA, PA
16602
Phone: (814) 943-7112
FAX: (814) 949-9612

Workfile ID: c67aedc8

## Preliminary Supplement 3 Summary

**Customer: STACEY, BRIAN**

Written By: Paula, 164279

| | | |
|---|---|---|
| Insured: STACEY, BRIAN | Policy #: | Claim #: 148175-01 |
| Type of Loss: | Date of Loss: | Days to Repair: 0 |
| Point of Impact: | | |

| Owner: | Inspection Location: | Insurance Company: |
|---|---|---|
| STACEY, BRIAN | PROFESSIONALS AUTO BODY | HORACEMANN |
| 107 ALDRICH AVENUE | 419 E PLEASANT VALLEY BLVD | |
| ALTOONA, PA 16602 | ALTOONA, PA 16602 | |
| (814) 935-6659 Day | Repair Facility | |
| | (814) 943-7112 Business | |

## VEHICLE

2014 TOYO Prius c Two 4D H/B 4-1.5L Hybrid Sequential MPI grey

| | | | | | |
|---|---|---|---|---|---|
| VIN: | JTDKDTB38E1570089 | Interior Color: | | Mileage In: 67,999 | Vehicle Out: |
| License: | ENL-1264 | Exterior Color: | grey | Mileage Out: | |
| State: | PA | Production Date: | 7/2014 | Condition: Good | Job #: |

| | | | |
|---|---|---|---|
| **TRANSMISSION** | Intermittent Wipers | Search/Seek | Reclining/Lounge Seats |
| Automatic Transmission | Tilt Wheel | CD Player | **WHEELS** |
| **POWER** | Cruise Control | Auxiliary Audio Connection | Styled Steel Wheels |
| Power Steering | Rear Defogger | **SAFETY** | **PAINT** |
| Power Brakes | Keyless Entry | Drivers Side Air Bag | Clear Coat Paint |
| Power Windows | Message Center | Passenger Air Bag | **OTHER** |
| Power Locks | Steering Wheel Touch Controls | Anti-Lock Brakes (4) | Traction Control |
| Power Mirrors | Rear Window Wiper | 4 Wheel Disc Brakes | Stability Control |
| **DECOR** | Telescopic Wheel | Front Side Impact Air Bags | Rear Spoiler |
| Dual Mirrors | Climate Control | Head/Curtain Air Bags | Signal Integrated Mirrors |
| Tinted Glass | **RADIO** | Hands Free Device | California Emissions |
| Console/Storage | AM Radio | **SEATS** | Power Trunk/Gate Release |
| **CONVENIENCE** | FM Radio | Cloth Seats | |
| Air Conditioning | Stereo | Bucket Seats | |

# Preliminary Supplement 3 Summary

**Customer: STACEY, BRIAN**

2014 TOYO Prius c Two 4D H/B 4-1.5L Hybrid Sequential MPI grey

## SUPPLEMENT SUMMARY

| Line | | Oper | Description | Part Number | Qty | Extended Price $ | Labor | Paint |
|---|---|---|---|---|---|---|---|---|
| 149 | # | S02 | DIFFERENCE Body Labor Hours | | 1 | | 12.7 | |
| 150 | # | S02 | DIFFERENCE Paint Labor Hours | | 1 | | | 4.3 |
| 151 | # | S02 | DIFFERENCE Frame labor Hours | | 1 | | 6.5 F | |
| 152 | # | S02 | DIFFERENCE Parts & Materials | | 1 | 217.78 | | |
| | | | | SUBTOTALS | | 217.78 | 19.2 | 4.3 |

## TOTALS SUMMARY

| Category | Basis | | Rate | Cost $ |
|---|---|---|---|---|
| Parts | | | | 217.78 |
| Additional Supplement Labor | | | | 1,697.00 |
| Additional Supplement Materials/Supplies | | | | 172.00 |
| Subtotal | | | | 2,086.78 |
| Sales Tax | $ 2,086.78 | @ | 6.0000 % | 125.21 |
| Additional Supplement Taxes | | | | -0.01 |
| **Total Supplement Amount** | | | | 2,211.98 |
| **NET COST OF SUPPLEMENT** | | | | 2,211.98 |

## CUMULATIVE EFFECTS OF SUPPLEMENT(S)

| Estimate | 8,213.83 | Paula Perretta |
|---|---|---|
| Supplement S01 | -1,910.93 | Paula Perretta |
| Supplement S02 | 573.65 | Paula Perretta |
| Supplement S03 | 2,211.98 | Paula Perretta |
| **Job Total:** | $ 9,088.53 | |
| **CUSTOMER PAY:** | $ 250.00 | |
| **INSURANCE PAY:** | $ 8,838.53 | |

JAN 18 2018