IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF PENNSYLVANIA

PROFESSIONALS, INC., d.b.a.  :
PROFESSIONALS AUTO BODY,  :
ASSIGNEE/ POA, BRIAN STACEY  :
: NO.   3:18-CV-00024-KRG
   v.  :
:
HORACE MANN  :

**<u>DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S
COMPLAINT PURSUANT TO RULE 12(b)(6)</u>**

Defendant, Horace Mann, by and through its attorneys, Goldberg, Miller & Rubin, P.C., herby submits this instant brief in support of its Motion to Dismiss pursuant to Rule 12(b)(6).

**I.   PROCEDURAL BACKGROUND**

On July 11, 2017, Plaintiff, Professionals, Inc. d/b/a Professionals Auto Body Assignee/POA, Brian Stacey, filed a Complaint in the Magisterial District Court MDJ-24-3-02 in Altoona, Pennsylvania against Horace Mann.  A copy of the Magisterial District Complaint is attached as Exhibit A.  The action was withdrawn by Plaintiff on September 13, 2017.  A copy of the withdrawal notice is attached as Exhibit B.  On or about October 2, 2017, Plaintiff refiled his Complaint in the Magisterial District Court.  A copy of which is attached as Exhibit C.

In the Second Complaint, Professionals sought unpaid property damage fees of $2,211.98 plus court costs. On November 6, 2017, Magisterial District Judge Steven Jackson awarded Plaintiff $2,333.48.  A copy of the Magisterial District Judgment is attached as Exhibit D.  On December 18, 2017, Defendant filed a Notice of Appeal and Praecipe to File Complaint.  A copy of the Notice of Appeal and Praecipe are attached hereto as Exhibit E.

On January 11, 2018, Plaintiff filed a Complaint in the Pennsylvania Court of Common Pleas, Blair County, Docket No. 2017 GN 3509 containing allegations of Breach of Contract, Quantum Meruit/Unjust Enrichment and Bad Faith.  A copy of the Blair County Court of

1

Common Pleas Complaint is attached as Exhibit F. On February 6, 2018, Defendant filed a timely Notice of Removal and Disclosure Statement. Plaintiff, Professionals, Inc. d/b/a Professionals Auto Body, Assignee/POA, Brian Stacey alleges that Plaintiff is entitled to assert these claims pursuant to an "Assignment of Proceeds" (the "Assignment") dated May 16, 2017. (Complaint, Exhibit B).

Defendant now files this timely Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6).

## II. STATEMENT OF FACTS

On or about March 27, 2017, Brian Stacey was involved in a motor vehicle accident involving his 2014 Toyota Prius (the "vehicle"). At the time of the accident, Mr. Stacey had a policy of motor vehicle insurance with Defendant, Horace Mann. Mr. Stacey brought his vehicle to Plaintiff for repairs, at which time Plaintiff had Mr. Stacey sign an "Authorization to Help Handle Your Claims and Repairs' ("Authorization) dated April 24, 2017, which Plaintiff attached to their Complaint as Exhibit A. (Complaint, Exhibit A).

Defendant's licensed appraisers prepared estimates for the value of the repairs to the vehicle and paid $6,876.55, pursuant to the provisions of the insurance policy and Pennsylvania Motor Vehicle Physical Damage Appraiser's Code. After performing repairs to the vehicle, Plaintiff informed Defendant that Plaintiff's estimate for the repairs and supplemental costs and fees to the vehicle were much higher than the payment made by Defendant. Plaintiff thereafter had Mr. Stacey sign the Assignment and instituted this lawsuit over a dispute with Defendant as to the value of the repairs to Mr. Stacey's vehicle and in direct violation of the terms of the insurance policy regarding value disputes.

## III. ARGUMENT

### A. <u>Legal Standard</u>

A Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint. *Kost v. Kozakiewicz,* 1 F.3d 176, 183 (3d Cir.1993). A complaint must be dismissed for failure to state a claim if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 556 (2007). Bare–bones "recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 555, citing *Ashcroft v. Iqbal, et. al.,* 556 U.S. 662 (2009). A complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *Young v. Centreville Clinic, Inc.*, 2009 WL 4722820 (W.D. Pa. 2009).

A two-part analysis is utilized by District Courts when determining a Motion to Dismiss. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Iqbal,* 556 U.S. at 678-679. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Iqbal*, 556 U.S. at 679. This "plausibility"

determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The Complaint filed by Plaintiff fails to state a claim upon which relief can be granted.

### B. <u>Plaintiff's Allegations of Bad Faith in Count III do not State aValid Claim Pursuant to 42 Pa.C.S. § 8371</u>

Plaintiff's sole basis for their Bad Faith claim is their dispute over the value of the claim, which is not a sufficient basis for Bad Faith. *Rowe v. Nationwide Ins. Co.,* 6 F. Supp. 3d 621 (W.D. Pa. 2014). Specifically, Plaintiff alleges Defendant's refusal to pay the full amount of Professionals' estimate, which is approximately one and a half times the licensed appraiser's original estimate, was an "unjustified and outrageous refusal to pay the sums due and owing." (Complaint, ¶31).

Plaintiff alleges that Defendant committed Bad Faith by violating the Pennsylvania Motor Vehicle Physical Damage Appraiser Act (the "Act"). (Complaint, Count III). Plaintiff recites the Act's regulations concerning independent appraisals and prohibition against requiring repairs to be made in a specific repair shop (Complaint, ¶ ¶ 36, 37), yet does not allege how Defendant violated these specific regulations. Plaintiff alleges that Defendant's conduct in disagreeing with the value of Professional's repairs violated the Act by "failing to make reasonable estimates of the damages due to Mr. Stacey's vehicle" (Complaint, ¶ 38). Plaintiff also alleges that Defendant attempted "to influence Plaintiff to utilize parts and/or services which were inferior to the standards Plaintiff is known for and as requested by Mr. Miller."(Complaint ¶ 39).

Defendant denies these allegations, but more importantly for the purposes of this Rule 12(b)(6) Motion, there is again no factual support for these general, conclusory allegations. Bad Faith requires more than a mere dispute in value, and every dispute in value does not rise to the

4

level of Bad Faith. "In order to succeed on a bad faith claim, a plaintiff must demonstrate: (1) that the insurer lacked a reasonable basis for denying benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis." *Rowe,* 6 F. Supp. 3d at 630, *citing W.V. Realty Inc. v. N. Ins. Co.*, 334 F3d 306, 312 (3d Cir. 2003); *Terletsky v. Prudential Prop. & Cas. Inc. Co.*, 649 A.2d 680, 688 (Pa. Super. 1994).

Allegations of Bad Faith must be supported by clear and convincing evidence that Defendant lacked a reasonable basis in its handling of Plaintiff's claim. *Schifino v. Geico*, 2013 WL 6533180 (W.D. Pa. Dec. 13, 2013) (dismissing Plaintiff's bad faith claim when there is an honest dispute over the value of the claim and the insurer's allegedly low settlement offers do not support a claim that the insurer disregarded its reasonable basis). Conclusory legal statements unsupported by any facts are not sufficient to survive a Motion to Dismiss. *Fowler*, at 210-211.

Courts routinely dismiss Bad Faith claims wherein a plaintiff asserts threadbare conclusory allegations such as Plaintiff has done in this Complaint. See e.g. *Clark v. Progressive Adv. Inc. Co.*, 2013 WL 1787566 (E.D. Pa. 2013); *Yohn v. Nationwide Ins. Co.*, 2013 WL 2470963 (M.D. Pa. 2013)(dismissing bad faith claim with a similar list of conclusory allegations); *Flynn v. Nationwide Ins. Co. of Am.*, 2014 U.S. Dist. LEXIS 91431 (M.D. Pa. 2014)(dismissing Plaintiff's bad faith claim for failure to plead adequate factual allegations); *Atiyeh v. National Fire Ins. Co. of Hartford*, 742 F. Supp. 22 591, 599 (E.D. Pa. 2010)(dismissing bad faith claim due to Plaintiff merely pleading conclusory allegations); *Clark v. Progressive Advanced Ins. Co.*, 2013 WL 1787566 (E.D. Pa. 2013)(dismissing Plaintiff's bad faith claim due to Plaintiff's pleading mere legal conclusions and inadequate factual allegations); *First Liberty Ins. Corp. v. Walker*, 2013 U.S. Dist. LEXIS 32018 (E.D. Pa. 2013)(dismissing Plaintiff's bad faith allegation for failing to state how Defendant acted in bad faith); *Schor v.*

*State Farm Fire & Cas. Ins. Co.*, 2015 U.S. Dist. LEXIS 33266 (E.D. Pa. 2015)(dismissing Plaintiff's bad faith claim where they failed to provide factual allegations from which the Court could make a plausible inference that Defendant knew or recklessly disregarded its lack of a reasonable basis for denying benefits); *Pasqualino v. State Farm Mutual Automobile Insurance Company*, 2015 WL 3444288 (E.D. Pa. 2015)(granting insurer's motion to dismiss bad faith where Plaintiff only plead cursory allegations of bad faith without factual support).

Plaintiff has failed to meet the threshold requirements for properly pleading a Bad Faith claim, and all allegations of Bad Faith should be dismissed with prejudice.

    **C.** **<u>Plaintiff Does Not Have Standing to Bring a Breach of Contract Claim Against Defendant as Alleged in Count I</u>**

A party asserting a breach of contract claim under Pennsylvania law must demonstrate (1) the existence of a contract; (2) a breach of duty imposed by the contract; and (3) resultant damages. *Rowe,* 6 F. Supp. 3d at 629, *citing Ware v. Rodale Press, Inc.,* 322 F.3d 218, 225 (3d Cir. 2003). "[A] plaintiff must allege facts to establish that a contract exists or existed, including its essential terms, that defendant failed to comply with the covenant of good faith and fair dealing by breaching a specific duty imposed by the contract *other than the covenant of good faith and fair dealing*, and that resultant damages were incurred by plaintiff." *Id., citing CRS Auto Parts, Inc. v. Nat'l Grange Mut. Ins. Co.*, 645 F. Supp. 2d 354, 369 (E.D.Pa. 2009)(emphasis added).

Plaintiff's breach of contract claim is missing two of the three essential elements: (1) the existence of a contract; (2) a breach of a duty imposed by the contract.

### 1. The Complaint does not contain a contract upon which relief could be granted.

Plaintiff does not have privity of contract with Defendant. It is uncontested that Defendant never contracted with Professionals to perform repairs on Mr. Stacey's vehicle. Professionals was not an intended beneficiary to the insurance contract between Defendant and Mr. Stacey and Professionals never paid Defendant any premiums. Professionals voluntarily entered into a repair contract with Mr. Stacey, and was free to refuse the work if he did not agree with Defendant's cost estimates. Instead, Plaintiff created their own independent contractual relationship with Mr. Stacey by having him sign the Authorization to perform the repairs. (Complaint, Exhibit A).

Defendant does not deny that a valid motor vehicle insurance contract existed between Defendant and Brian Stacey at the time of the accident, but, importantly, the policy upon which Professionals bases its breach of contract allegation is not attached to Plaintiff's Complaint. The law is clear that "when ruling on a motion to dismiss, a district court is 'not permitted to go beyond the facts alleged in the Amended Complaint and the documents on which the claims made therein were based." *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1424–25 (3d Cir.1997). The court generally relies on the complaint, attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). The fact Plaintiff does not have a copy of the contract upon which their entire case relies upon is evidence in and of itself that there was no "meeting of the minds" or agreement between Plaintiffs and Defendant.

The documents that are actually attached to the Complaint in support of the breach of contract claim constitute a built-in affirmative defense, such that the documents clearly prohibit recovery and can be dismissed upon motion. In support of the Breach of Contract claim, Plaintiff attached an "Authorization to Help Handle Your Claims and Repairs" ("Authorization")

dated April 24, 2017 (Complaint, Exhibit A) and an "Assignment of Proceeds" (the "Assignment") dated May 16, 2017. (Complaint, Exhibit B). Professionals claims it has a right to bring a breach of contract claim pursuant to the Assignment. (Complaint, Exhibit B). An assignment is interpreted pursuant to contract law. *Horbal v. Moxham Nat. Bank,* 697 A.2d 577, 583 (Pa. 1997)( stating, "[i]n interpreting an assignment, it will ordinarily be construed in accordance with the rules of construction governing contracts and the circumstances surrounding the execution of the assignment document.").

Pennsylvania law is also clear that a contract is not enforceable absent consideration. *Stelmack v. Glen Aldren Coal Co.*, 14 A.2d 127, 128 (Pa. 1940). "Consideration is defined as a benefit to the party promising, or a loss or detriment to the party to whom the promise is made." *Id.* citing, *Hillcrest Foundation, Inc. v. McFeaters,* 2 A.2d 775, 778 (Pa. 1938). "The detriment incurred must be the 'quid pro quo', or the 'price' of the promise, and the inducement for which it was made. 'Consideration must actually be bargained for as the exchange for the promise'." *Id.* at 129, *citing* Restatement, Contracts, Section 75, Comment (b). "If the promisor merely intends to make a gift to the promisee upon the performance of a condition, the promise is gratuitous and the satisfaction of the condition is not consideration for a contract." *Id.* at 129.

The Assignment attached to the Amended Complaint defines the consideration as:

> In consideration of Professionals Auto Body's agreement to make all repairs to Customer's damaged vehicle, Customer desires to and does hereby assign to Professionals Auto Body any and all right, claim or other interest in any proceeds necessary to pay for repairs to Customer's vehicle as stated in the attached contract for repairs. As such, Professionals Auto Body is entitled to pursue payment of all proceeds of the insurance policy from Insurer in the amount of *$2,211.98* as stated in the attached contract for repairs.

(Complaint, Exhibit B, ¶ 3).

The Assignment then negates the consideration:

> If any portion of the above agreement should be found to be invalid, Customer (Assignor) shall still be held liable to Professionals Auto Body (Assignee) for the total amount of repairs as set forth in the contract for repairs. This agreement does not in any way diminish the right of Professionals Auto Body to pursue payment for the repairs it has made to Customer's (Assignor's) vehicle as stated in the contract for repairs.

(Complaint, Exhibit B, ¶ 5)

Whatever "consideration" Professionals stated in paragraph 3 of their Assignment is immediately erased by the language of paragraph 5. As such, the Assignment is invalid and Plaintiff lacks standing to assert a breach of contact claim that is reliant upon it.

### 2. The Complaint fails to allege a breach of duty imposed by Contract.

Plaintiff's Complaint asserts that a contract existed obligating Defendant to pay repair costs and agrees that Defendant did pay repair costs. (Complaint, ¶ 9). Plaintiff is simply dissatisfied with the amount of the repair costs already paid by Defendant. This Court has faced an analogous situation with respect to a breach of contract claim pursuant to a UIM policy. In *Rowe v. Nationwide Ins. Co.,* 6 F. Supp. 3d 621 (W.D. Pa. 2014), this Court held, "[g]enerally, when an insurance company has paid the proceeds of an insurance policy, there can be no breach of contract claim because the insured has received what he was due under the policy and therefore has no damages." *Id.* at 629, citing *Smith v. Allstate Ins. Co.*, 904 F.Supp.2d 515, 521 (W.D. Pa. 2012) (internal citations omitted). There is no specific allegation of fact in Count I that Defendant breached a covenant of good faith and fair dealing. As such, for the same reasons cited above, Plaintiff's breach of contract allegations should be dismissed.

### D. Plaintiff Does Not Have Standing to Assert Bad Faith or Additional Damages Pursuant to Brian Stacey's Insurance Policy with Defendant

Assuming, *arguendo*, that the Court found the Assignment valid and Professionals had a right to bring a Breach of Contract claim, the Assignment only bestows upon Professionals the

9

right "to pursue payment of all proceeds of the insurance policy from Insurer in the amount of *$2, 211.98*". It does not entitle Professionals to sue for interest for the detention of said funds, costs of suit, attorney's fees, punitive damages or Bad Faith damages as claimed. (Complaint, Count III, WHEREFORE clause). As such, Plaintiff's request for any and all damages in excess of $2,211.98, including Bad Faith, must be dismissed.

### E. The Quantum Meruit/Unjust Enrichment Claim in Count II must be Dismissed in Light of the Breach of Contract Claim and because Plaintiff Did Not Confer a Benefit on Defendant

In Count I, Plaintiff claims a valid and enforceable contract exists between the parties to support a Breach of Contract claim. (Complaint, Count I, ¶¶ 6, 9, 13, 14, 19). By making a Quantum Merit and Unjust Enrichment claim in Count II, Plaintiff arguably acknowledge there is no valid contract. Quantum meruit is a quasi-contractual remedy in which a contract is implied-in-law under a theory of unjust enrichment; the contract is one that is implied in law, and "not an actual contract at all." *Hershey Foods Corp. v. Ralph Chapek, Inc*., 828 F.2d 989, 998-999 (3d Cir. 1987), citing *Ragnar Benson, Inc. v. Bethel Mart Associates,* 454 A.2d 599, 603 (Pa. Super.1982).

Under Pennsylvania law, "the quasi-contractual doctrine of unjust enrichment [is] inapplicable when the relationship between the parties is founded on a written agreement or express contract." *Hershey*, 828 F.2d at 999, citing *Benefit Trust Life Ins. Co. v. Union Nat. Bank,* 776 F.2d 1174 (3d Cir.1985). "Where an express contract governs the relationship of the parties, a party's recovery is limited to the measure provided in the express contract; and where the contract 'fixes the value of the services involved,' there can be no recovery under a quantum meruit theory. *Id.,* citing *Murphy v. Haws & Burke,* 344 A.2d 543, 546 (Pa. Super. 1975).

Plaintiff claims in Count I that an express contract exists and therefore Plaintiff cannot recover under quantum meruit theory. Additionally, the facts as recited in Plaintiff's Complaint do not support a quantum meruit/unjust enrichment claim.

The Pennsylvania Supreme Court has defined the doctrine of quantum meruit as "an equitable remedy to provide restitution for unjust enrichment in the amount of the reasonable value of services." *American and Foreign Ins. Co. v. Jerry's Sport Center, Inc.,* 2 A.3d 526, 532 n. 8 (Pa. 2010) (citation omitted).

To prevail under such a theory, a plaintiff must prove three elements: 1) benefits conferred on defendant by plaintiff; 2) appreciation of such benefits by defendant; and 3) acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to return the benefit without payment of value. *Temple University Hosp., Inc. v. Healthcare Management Alternatives, Inc.,* 832 A.2d 501, 507 (Pa.Super.2003) (citation omitted), *appeal denied,* 847 A.2d 1288 (Pa. 2004).

Plaintiff has not conferred a benefit upon Defendant. The repairs described by Plaintiff benefitted Mr. Stacey, the automobile owner, but incurred an obligation to pay upon Defendant. An obligation to pay is not a benefit. Defendant's retention of its own money in refusing to pay Plaintiff significantly more than what Defendant's licensed appraiser valued the damages is also not a benefit conferred by Plaintiff. Count II of Plaintiff's Complaint must be therefore dismissed.

## IV. CONCLUSION

The Complaint fails to state a claim upon which relief can be granted and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

        Respectfully submitted,

        **GOLDBERG, MILLER & RUBIN, P.C.**

BY:   */s/ Virginia King, Esq*
        VIRGINIA KING, ESQUIRE
        PA ID No. 202238
        Suite 1600, North American Building
        121 South Broad Street
        Philadelphia, PA 19107
        T: (215) 735-3994
        F: 215-735-1133
        vking@gmrlawfirm.com
        Attorney for Defendant

Date: 2/9/18